## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

**CANTRAL JAMES ANDERSON,**

                    **Plaintiff,**

v.                                          **Case 2:18-cv-2723-MSN-cgc**

**MILITARY ENTRANCE PROCESSING STATION,**

                    **Defendant.**

---

## REPORT AND RECOMMENDATION ON *IN FORMA PAUPERIS* SCREENING
## PURSUANT TO 28 U.S.C. § 1915

---

Before the Court, by way of Administrative Order 2013-05,[1] is Plaintiff Cantral James Anderson's *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Docket Entry (D.E.) #1), which must be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) ("Section 1915") as Plaintiff is proceeding *in forma pauperis* (D.E. #7). The Section 1915 Screening has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

## I.    Introduction

Plaintiff's *pro se* Complaint alleges that he was sexually assaulted by two members of the United States Marine Corps (the "Marine Corps") in a vehicle.  (Compl. § IV).  Plaintiff has named the Military Entrance Processing Station ("MEPS")[2] in Memphis, Tennessee as the Defendant.  Plaintiff also lists as additional defendants as follows: "US Marines sexually . . . assaulted me."  (*Id*. § III).  It is not clear whether this statement purports to assert a claim against the Marine Corps, against the two unnamed members thereof, or if this is simply a restatement of the allegations against MEPS; however, the docket reflects that only MEPS is listed as a Defendant at this time.

## II.    Analysis

Plaintiff's Complaint alleges violations of his civil rights pursuant to Section 1983. Pursuant to Section 1915, in proceedings *in forma pauperis*, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, "the lenient treatment generally accorded to pro se litigants has limits."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v.*

---

[2]  MEPS, otherwise designated as USMEPCOM, is an operational command of the United States Department of Defense, a department of the United States Government.  *See* http://www.mepcom.army.mil (last visited November 18, 2019).

*Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (citations omitted). "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"" *West*, 487 U.S. at 49 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)). If action is taken under color of federal, and not state law, no action under § 1983 can be sustained. *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 931 (6th Cir. 1987) (citing *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982)). Further, "Section 1983, 'by [its] terms, do[es] not apply to actions against the United States." *Trenton Bell v.*

*United States of America*, No. 3:18-cv-01276, 2018 WL 6349851, at *2 (M.D. Tenn. Nov. 28, 2018) (quoting *Bergman v. United States*, 844 F.2d 353, 355 (6th Cir. 1988)).

With respect to actions against federal officials, in *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the United States Supreme Court created a private right of action for damages against officials acting under color of federal law when they are alleged to have violated a citizen's constitutional rights. *Bivens*, 403 U.S. at 389. "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (1996). When a plaintiff raises a Section 1983 claim and not a *Bivens* claim, a court is not required to convert the Section 1983 claim asserted against federal officials into one asserting *Bivens* violations. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

Here, it is RECOMMENDED that Plaintiff's claim against MEPS be construed as a claim against the United States, as MEPS is a military command within the United States Department of Defense. Section 1983 claims may not be brought against the United States, as they are not brought against any person or entity acting under color of state law. Even if Section 1983 claims were permitted against the United States, the Complaint does not allege the deprivation of a right secured by the Constitution or laws of the United States. Therefore, it is RECOMMENDED that Plaintiff's 1983 claims against MEPS be DISMISSED for failure to state a claim upon which relief may be granted.

Likewise, to the extent that Plaintiff seeks to raise a claim against the two unnamed members of the Marine Corps, he has not designated whether he seeks to pursue these claims in

their official capacities or their individual capacities. An official-capacity suit would be construed as a suit against the United States, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), which Section 1983 does not cover. Further, there are no allegations of action under color of state law or deprivation of a right secured by the Constitution or federal law sufficient to proceed with an individual-capacity suit. Further, it is RECOMMENDED that Plaintiff's Complaint should not be construed as raising a *Bivens* claim because it does not assert the deprivation of a federal constitutional or statutory right.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court

CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**III.    Conclusion**

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's *pro se* Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted.

**SIGNED** this 2nd day of December, 2019.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**