# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

CANTRAL JAMES ANDERSON,

    Plaintiff,

v.                                            Case No. 2:18-cv-2723-MSN-cgc

MILITARY ENTRANCE PROCESSING STATION,

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION ON
## *IN FORMA PAUPERIS* SCREENING PURSUANT TO 28 U.S.C. § 1915

Before the Court is the Magistrate Judge's Report and Recommendation for *Sua Sponte* Dismissal submitted on December 2, 2019 ("Report"). (ECF No. 8.) The Report recommends that Plaintiff Cantral Anderson's *pro se* Complaint for Violation of Civil Rights under 42 U.S.C. § 1983, (ECF No. 1), be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de*

*novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

The deadline to object to the Report has passed, and Plaintiff has filed no objections. The Court has reviewed the Report for clear error and finds none. For the foregoing reasons, the Court **ADOPTS** the Report and **DISMISSES** with prejudice Plaintiff's complaint.

Title 28 U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that an appeal would not be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* The same considerations that lead this Court to dismiss Plaintiff's complaint *sua sponte* also compel this Court to conclude that an appeal by Plaintiff would not be taken in good faith.

It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal by Plaintiff in this matter would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**IT IS SO ORDERED**, this 23rd day of December, 2019.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE